UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 2:11-cr-114-FtM-29SPC

DEBRA ROGGOW

## MOTION IN LIMINE

The United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, pursuant to Fed. R. Crim. P 12(b), moves this Court to enter an Order prohibiting the Defendant from eliciting, offering, or commenting on the following subject matter during the trial of the above-referenced case, on the grounds that it is irrelevant to the charges and fact-finding duties of the jury, and that its probative value is substantially outweighed by the danger of unfair prejudice or sympathy.

1.   The Government learned from the defense that the Defendant is a breast-cancer survivor.  The Government is not without empathy for the Defendant's health difficulties, and respects her current good health.

2.   However, while relevant evidence is generally admissible, irrelevant evidence is not.  Fed. R. Evid 402.  The evidence the United States seeks to exclude in trial is any mention of the Defendant's cancer and subsequent recovery, as this information fails to satisfy the relevancy requirements of Fed.R. Evid. 401.  "Relevant evidence" is defined as "evidence

having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Any mention of the Defendant's cancer and subsequent recovery has no consequence to the determination of the Defendant's guilt or innocence, and would only serve to elicit sympathy from the jury.

    3.    As the Eleventh Circuit Basic Jury Instruction 2.2 states, in relation to charging the jury:  "You must not be influenced in any way by either sympathy for or prejudice against the Defendant or Government."  The Government respectfully submits it would be impossible for jurors not to feel sympathy for the Defendant's past health difficulties.  Again, the evidence the Government seeks to exclude has no conceivable tendency to make the proof of the crime more or less probable.

    4.    The facts regarding the Defendant's health would have an undue tendency to suggest a decision on an improper basis, and though not necessarily, an emotional one.  The major function of Rule 403 is to exclude matter of scant or cumulative probative force, "dragged in by the heels for the sake of its prejudicial effect." United States v. King, 713 F.2d 627, (11th Cir. 1983, *citing* United States v. McRae, 593 F.2d 700, 707 (5th Cir 1982).  The King decision goes on to state:  "Balanced against any unfair prejudice is the clear language of Rule 403:  evidence may be excluded if its probative value is

*substantially* outweighed by the danger of unfair prejudice.'" (Court's emphasis supplied).  Id., at 632.

      Wherefore, the Government's Motion in Limine should be granted, and any testimony related to the Defendant's breast cancer and subsequent treatment should be excluded from the trial.

                              Respectfully submitted,

                              ROBERT E. O'NEILL
                              United States Attorney

                              *s/ Douglas Molloy*
                              DOUGLAS MOLLOY
                              Assistant United States Attorney
                              Bar No. 0316717
                              2110 First Street, Suite 3-137
                              Fort Myers, Florida  33901
                              Telephone:   (239) 461-2200
                              Facsimile:    (239) 461-2219
                              E-mail: douglas.molloy@usdoj.gov

U.S. v. DEBRA ROGGOW	Case No. 2:11-cr-114-FtM-29SPC

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Lee Hollander
leehollander@hollanderandhanuka.com

Amira Fox
amira@foxramunni.com

               *s/ Douglas Molloy*
               DOUGLAS MOLLOY
               Assistant United States Attorney
               Bar No. 0316717
               2110 First Street, Suite 3-137
               Fort Myers, Florida  33901
               Telephone:   (239) 461-2200
               Facsimile:     (239) 461-2219
               E-mail: douglas.molloy@usdoj.gov