UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

UNITED STATES OF AMERICA

    v.                                            Case No. 2:11-cr-114-FtM-29SPC

DEBRA ROGGOW

**GOVERNMENT'S MEMORANDUM OF LAW**
**CONCERNING THE USE OF SUMMARY EVIDENCE**

COMES NOW, the United States of America, by and through its representative, the undersigned Assistant United States Attorney, and submits the following Memorandum of Law concerning the use of summary evidence.

**A.**     **Rule 1006 of the Federal Rules of Evidence**

Generally, the admission of a summary chart is governed by Rule 1006 of the Federal Rules of Evidence. Rule 1006 provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals or duplicates, shall be made available for examination or copying or both, by other parties at reasonable time and place. The court may order that they be produced in court.

Admission of Rule 1006 summaries is committed to the sound discretion of the court. United States v. Green, 428 F.3d 1131, 1134 (8th Cir. 2005). To establish a proper foundation for the admission of a Rule 1006 summary, the proponent must demonstrate: (1) that the underlying documents are so

1

voluminous that they cannot be conveniently examined in court; (2) the underlying documents have been made available for examining or copying at a reasonable time and place; (3) the underlying documents are admissible into evidence; (4) the summary is accurate and nonprejudicial; and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation.  United States v. Moon, 513 F.3d 527, 545 (6th Cir. 2008).  Thus, Rule 1006 requires that the underlying documents be voluminous, and that in-court examination not be convenient.  United States v. Stephens, 779 F.2d 232, 239 (5th Cir. 1985); United States v. Scales, 594 F.2d 558, 562 (6th Cir.), cert. denied, 441 U.S. 946 (1979).

      Rule 1006 does not require that "it be literally impossible to examine the underlying records" in court before a summary chart may be introduced.  Id. at 562.  The fact that the underlying documents are already in evidence does not mean that those documents can be "conveniently" examined in court.  United States v. Lemire, 720 F.2d 1327, 1347 (D.C. Cir. 1983), cert. denied, 467 U.S. 1226 (1984).  The practical test for admissibility is whether the summary evidence is "helpful to the jury's understanding" of the case.  United States v. Harmas, 974 F.2d 1262, 1269 (11th Cir. 1992).  The decision of the trial judge to admit a summary chart is a matter of discretion.  United States v. Means, 695 F.2d 811, 817 (5th Cir. 1983); Harmas, 974 F.2d at 1269.

2

Pursuant to Rule 1006, however, the underlying documents need not be "in evidence." United States v. Smyth, 556 F.2d 1179, 1184 (5th Cir.), cert. denied, 434 U.S. 862 (1977). All that is required is that the summary chart be based on admissible documents which have previously been made available to the opposing side at a reasonable time and place. United States v. Clements, 588 F.2d 1030, 1039 (5th Cir. 1977), cert. denied, 440 U.S. 982 (1979). Under these circumstances, a summary chart becomes the evidence which the trier of the fact may consider. United States v. Skalicky, 615 F.2d 1117, 1121 n.5 (5th Cir.), cert. denied, 449 U.S. 832 (1980); Weinstein's Evidence, Section 1006 [2]; United States v. Winn, 948 F.2d 145, 158 (5th Cir. 1991), cert. denied, 503 U.S. 976 (1992).

If the underlying documents are admitted into evidence, then a summary chart may still be admissible under Rule 1006 if the trial court determines that the underlying records are voluminous and cannot be conveniently examined in court. Stephens, 779 F.2d at 239; United States v. Atchley, 699 F.2d 1055, 1059 (11th Cir. 1983). The purpose of this type of summary chart is to "help the jury organize and evaluate evidence which is factually complex and fragmently revealed in the testimony of a multitude of witnesses throughout the trial." Lemire, 720 F.2d at 1348. In such a situation, the trial court should instruct the jury that the summary chart does not constitute evidence, but is offered as an aid to the jury in its consideration of the evidence in the case. Winn, 948 F.2d at

158; Stephens, 779 F.2d at 239. Under Stephens, the trial court may permit the summary chart to go to the jury room with the jury for its use during deliberations.

A foundation for the admission of a summary chart can be laid through the testimony of the witness who supervised its preparation. Scales, 594 F.2d at 558. The summary witness need not have personal knowledge of the events, transactions or records summarized. Atchley, 698 F.2d at 1059. It can even reflect certain assumptions so long as those assumptions are supported by evidence already before the jury. Smyth, 556 F.2d at 1185. However, there is no requirement that a prosecution summary chart include the defendant's version of the facts. United States v. Montilla Ambrosiani, 610 F.2d 65, 68 n.2 (1st Cir. 1979), cert. denied, 445 U.S. 930 (1980).

The headings and captions of a summary chart must not contain conclusions or characterizations which may take on an independent significance. Lloyd v. United States, 226 F.2d 9, 17 (5th Cir. 1955). Some captions or headings which have been upheld include "Total Net Unreported Income," United States v. Lacob, 416 F.2d 756, 762 (7th Cir. 1969), cert. denied, 396 U.S. 1059 (1970); "Amounts Not Reported on Taxable Gains," United States v. Diez, 515 F.2d 892, 905 (5th Cir. 1975), cert. denied, 423 U.S. 1052 (1976); and "falsified data," Smyth, 556 F.2d at 1185.

### B. Rule 611(a) of the Federal Rules of Evidence

Rule 611(a) of the Federal Rules of Evidence provides another ground for

4

admitting summary testimony into evidence. Rule 611(a) provides:

> (a) **Control by court**. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

This rule gives the court broad discretion in controlling the admission of evidence so as to make the "presentation effective for the ascertainment of the truth, [and] avoid needless consumption of time." United States v. Baker, 10 F.3d 1374, 1412 (9th Cir. 1993), cert. denied, 513 U.S. 934 (1994).

The use of summary testimony is appropriate when it aids the jury in understanding or remembering a mass of details. Scales, 594 F.2d at 563-64; Lemire, 720 F.2d at 1348; Harmas, 974 F.2d at 1269; 5 J. Weinstein and M. Berger, Weinstein's Evidence ¶ 1006 [03]. Such testimony and exhibits do not invade the province of the jury but merely serve as an aid to the jury in its understanding of the significance of evidence presented in the case. United States v. Prevatt, 526 F.2d 400, 404 (5th Cir. 1976). A summary witness can also be used to draw conclusions from the evidence presented at trial. United States v. Gold, 743 F.2d 800, 816 (11th Cir. 1984), cert. denied, 469 U.S. 1217 (1985); United States v. Esser, 520 F.2d 213, 218 (7th Cir. 1975), cert. denied, 426 U.S. 947 (1976).

5

Several cases illustrate the application of Fed. R. Evid. 611(a) to summary testimony. First, in <u>United States v. Possick</u>, 849 F.2d 332, 339 (8th Cir. 1988), the district court permitted the introduction of several summary charts prepared by a government witness. One of the charts purported to show the organization of the defendant's drug trafficking enterprise. The appellate court held that the organizational flow chart was admissible pursuant to Fed. R. Evid. 611(a).

Second, in <u>United States v. Baker</u>, 10 F.3d 1374, 1411-12 (9th Cir. 1993) <u>cert. denied</u>, 513 U.S. 934 (1994), the appellate court upheld the admission of summary testimony by an FBI Special Agent in a drug trafficking case. The witness sat in the courtroom throughout the trial. Her testimony attempted to establish the proceeds derived from each of the drug sales testified to during the government's case. The appellate court held that the summary testimony was admissible pursuant to Fed. R. Evid. 611(a), but not Fed. R. Evid. 1006 or 702. The appellate court also held that the summary testimony was not unduly prejudicial under Fed. R. Evid. 403 even though it selectively summarized other oral testimony presented in the case.

In this case, the government has prepared charts summarizing documentary evidence, more specifically prescriptions written by the Defendant. That evidence consists of voluminous actual medical prescriptions, copies of prescriptions located within patient files, voluminous pharmacy records, and other documentary evidence. The summary evidence is designed to show the

actual prescriptions that the defendant prescribed.  For the reasons stated above, this summary testimony is admissible under Fed. R. Evid. 611(a) and 1006.

                                  Respectfully submitted,

                                  ROBERT E. O'NEILL
                                  United States Attorney

By:   *s/ Douglas Molloy*
       DOUGLAS MOLLOY
       Assistant United States Attorney
       Bar No. 0316717
       2110 First Street, Suite 3-137
       Fort Myers, Florida  33901
       Telephone:   (239) 461-2200
       Facsimile:    (239) 461-2219
       E-mail: douglas.molloy@usdoj.gov

U.S. V. DEBRA ROGGOW              2:11-cr-114-FtM-29SPC

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Lee Hollander
    leehollander@hollanderandhanuka.com

    Amira Fox
    amira@foxramunni.com

               By:   *s/ Douglas Molloy*
                       DOUGLAS MOLLOY
                       Assistant United States Attorney
                       Bar No. 0316717
                       2110 First Street, Suite 3-137
                       Fort Myers, Florida  33901
                       Telephone:   (239) 461-2200
                       Facsimile:   (239) 461-2219
                       E-mail:  douglas.molloy@usdoj.gov