UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                                  CASE NO.: 2:11-Cr-114-FtM-29SPC

DEBRA ROGGOW

### DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF ALL DEA INTERVIEW REPORTS

COMES NOW, the Defendant, DEBRA ROGGOW, and respectfully requests this Honorable Court to order the government to disclose to the defense all witness interview reports not already provided, including specifically those for Jane Goff, and Keith Susko, M.D., and any other interviews including telephonic done either before the indictment in this case issued, or post-indictment outside the presence of any Assistant U.S. Attorney, and as grounds therefore would state as follows:

1. Defendant is presently charged by indictment with ten counts of dispensing Schedule II and IV controlled substances outside the scope of professional practice, and is set for jury trial beginning June 12, 2012.

2. Counsel has reason to believe that the Task Force Officer in this case has conducted pre-indictment interviews of at least two witnesses named in the motion and possibly others, and despite repeated requests, these reports have not been produced.

3. Counsel have reason to believe that witnesses Goff and Susko have provided exculpatory or defense-supported information to the agent which has not been provided to the defense as required by *Brady* and progeny.

4. Defendant's counsel has spoken to AUSA Douglas Molloy, who stated he has no

objection to the motion.

## MEMORANDUM OF LAW

Under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967), the government must disclose to the defense exculpatory information, and evidence that may impeach government witnesses. This duty exists independently of Fed.R.Crim.P 16.

Counsel for Debra Roggow have learned that Jane Goff, a government witness has been interviewed at least twice by the task force officer investigating this case. We further understand that she provided exculpatory testimony to the officer; however, we have been told by the officer that no record of said interviews exists. The same situation exists for Dr. Susko.

WHEREFORE, Defendant respectfully requests the Court grant this motion, and order the government to provide any and all exculpatory

_____
LEE HOLLANDER, ESQUIRE
Law Office of Hollander and Hanuka
2681 Airport Road, S., Suite C-101
Naples, Florida 34112
(239)530-1800
Florida Bar No. 288705

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by ( ) regular U.S. Mail, ( ) hand-delivery, (X) CM/ECF, and/or ( ) fax to counsel of record, this 7th day of June, 2012.

_____
LEE HOLLANDER, ESQUIRE