UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                                     CASE NO.: 2:11-Cr-114-FtM-29SPC

**DEBRA ROGGOW**

### DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF MATERIALS SENT TO DRS. PARRAN AND DOERING

COMES NOW, the Defendant, DEBRA ROGGOW, and respectfully requests this Honorable Court to order the government to identify to the defense the exact materials sent to Dr. Parrang to review by which he reached his expert opinion, and as grounds therefore would state as follows:

1. Defendant is presently charged by indictment with ten counts of dispensing Schedule II and IV controlled substances outside the scope of professional practice, and is set for jury trial beginning June 12, 2012.

2. The government has disclosed to the defense the report of Dr. Parran; however, the report, while acknowledging that he reviewed materials sent to him by the government, does not identify the materials received and reviewed sufficiently to comply with Fed.R.Crim.P. 16(a)(1)((G).

3. Defendant's counsel was unable to speak to AUSA Douglas Molloy, the case prosecutor regarding the motion.

### MEMORANDUM OF LAW

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure reads in relevant part as follows:

"At the defendant's request, the government must give to the defendant a written summary of any

testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.... The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

The advisory committee notes to this rule state that the summary of the bases and reasons for the expert's opinion "should cover not only written and oral reports, test, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts." Fed.R.Crim.P. 16(a)(1)(E) Advisory Committee Notes, 1993 Amendments. <u>United States v. Lamonda</u>, 6:05CR131ORL19KRS, 2006 WL 843823 (M.D. Fla. Mar. 29, 2006).   Dr. Parran's report states that he reviewed the "office records" of five of Debra Roggow's patients.   He then identifies the patients, and sets out the data he extracted from the records upon which he bases his opinions. However, the defense seeks to determine exactly what "office records" Dr. Parran reviewed.

WHEREFORE, Defendant respectfully requests the Court grant this motion, and order the government to specify the exact materials reviewed by Dr. Parran.

Respectfully submitted,

_____
LEE HOLLANDER, ESQUIRE
Law Office of Hollander and Hanuka
2681 Airport Road, S., Suite C-101
Naples, Florida 34112
(239)530-1800
Florida Bar No. 288705

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by

(  ) regular U.S. Mail, (  ) hand-delivery, (X) CM/ECF, and/or (  ) fax to counsel of record, this 8th day of June, 2012.

_____
LEE HOLLANDER, ESQUIRE