**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA

VS.   CASE NO: 2:11-CR-114-FtM-29SPC

DEBRA ROGGOW

_____

## ORDER

This matter comes before the Court on the Defendant, Debra Roggow's Motion to Compel Disclosure of All DEA Interview Reports (Doc. #48) filed on June 7, 2012. The Government filed its Expedited Response in Opposition (Doc. # 52) on June 8, 2012. The Motion is fully briefed and ripe for the Court's review.

Initially, the Court notes that the Defendant's Motion is not signed by the Defense Counsel. Under normal circumstances, the Motion would be denied on that basis alone. However, because the trial is a criminal trial in which the Defendant's freedom is at risk and because of the impending deadline with the trial starting tomorrow, the Court will rule on the Motion as it was filed. However, Defense counsel is cautioned that any other motions that are filed unsigned will be denied without further notice.

The Defendant moves to compel any witness reports or statements made by Jane Goff and Keith Susko, M.D., during their respective interviews which have not already been provided. In addition, the Defendant requests that any other interviews including telephonic done either before the indictment in this case or post-indictment that were issued outside the presence of any Assistant U.S. Attorney should be provided. As grounds, the Defendant asserts upon

information and belief that the DEA agent conducted pre-indictment interviews with the witnesses named above and the materials related to those interviews were never turned over to the Defendant. The Defendant claims the witnesses may have provided exculpatory evidence to the agent but even after requesting the material the Government has not produced the documents.

In essence, the Defendant indicates that the Government, in this case, has committed a "Brady violation" by not producing exculpatory evidence that would benefit the defense. The term *"Brady violation"* is sometimes used to refer to any breach of the broad obligation to disclose exculpatory evidence—that is, to any suppression of so-called "Brady material"—although, strictly speaking, there is never a real "Brady violation" unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict. Rhodes v. Secretary, Dept. of Corrections, 2010 WL 3819358 *11 (M.D. Fla. September 30, 2010) (citing Strickler v Greene, 527 U.S. 263, 281-281, 119 S. Ct. 1936, 144 L. Ed. 286 (1999)). There are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued. Rhodes, 2010 WL 3819358 at *11.

The Government in its Response in Opposition states it provided the information sought from Jane Goff, located at Bates stamped page number 3982. As for a report containing any alleged exculpatory evidence provided by Dr. Keith Sutko, the Government asserts that it has no knowledge that any exist. As such, the Court cannot find any "Brady violations" and the Motion to Compel is due to be denied since the Government has provided all discovery to the Defendant.

Accordingly, it is now

**ORDERED:**

The Defendant, Debra Roggow's Motion to Compel Disclosure of All DEA Interview Reports (Doc. #48) is **DENIED** as the Government has already produced all documents in discovery.

**DONE AND ORDERED** at Fort Myers, Florida, this 11th Day of June, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of Record
Presiding District Judge
DCCD