UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**
       **Plaintiff**

vs.                                               CASE NO.: 2:11-Cr-114-FtM-29SPC

**DEBRA ROGGOW,**
       **Defendant**

_____

**EMERGENCY MOTION FOR VIDEO-DEPOSITION TO PERPETUATE TESTIMONY**

      COMES NOW, the Defendant, Dr. Debra Roggow, pursuant to Fed.R.Crim.P. 15, and respectfully requests this Honorable Court to allow Defendant to take the deposition of Amy Amsberry, the alleged victim named in Count Nine of the indictment (Doc. #14, pg. 4), and as grounds therefore states the following:

      1) Co-counsel, Amira Dajani Fox's office received a telephone call from from Amy Amsberry on Friday, June 14, 2012, inquiring as to where flowers could be sent for Dr. Roggow. Mrs. Fox returned the phone call to Ms. Amsberry on June 16, 2012.

      2) Ms. Amsberry told Ms. Fox that she had spoken to Agent Amber Baginski by telephone approximately one month ago. Ms. Amsberry stated that Agent Baginski told her that she was a victim, and that a person had died because of Dr. Roggow, and tried to convince her to testify. Ms. Amsberry stated that Agent Baginski told her that they were not trying to send Dr. Roggow to jail, and that they were just trying to take her medical license in attempting to convince her to testify. Ms. Amsberry stated that she told Ms. Baginski that she would be a hostile witness, and that she would testify that Dr. Roggow was a wonderful doctor, and that her treatments were extremely successful. Ms. Amsberry also related that

she told Ms. Baginski that she was homebound due to the severity of her pain level and injuries, and would have great difficulty in traveling to Florida from Georgia where she currently resides with her parents.

      3) Ms. Amsberry stated that she received a telephone call approximately a week and a half ago from Agent Baginski informing her she was excused from her subpoena. Ms. Amsberry was not told that she was listed as one of the patients on the indictment and was shocked to learn this information.

      4) The information given to Agent Baginski by Amy Amberry appears to be exculpatory in nature. The Defense did not receive a DEA-6 report regarding TFO Baginski's contact with Ms. Amsberry despite several pre-trial requests.

      5) The Defense would have attempted to make arrangements for Ms. Amsberry to be transported by private medical personnel in order to testify at trial on behalf of Dr. Roggow if they had been in receipt of this information. This is impossible for the Defense to accomplish at this point in the trial.

      6) Wherefore, the defense requests that they be allowed to take a videotaped deposition to perpetuate testimony for use in trial.

      7) Unfortunately, the defense must also request a continuance of the trial for at least one day to accomplish taking the deposition which will necessitate traveling to Ms. Amsberry's home because she is unable to travel.

      8) Pre-Trial attempts to contact Ms. Amsberry by the defense were unsuccessful, apparently due to incorrect contact information.

**MEMORANDUM OF LAW**

Fed.R.Crim.P. 15(a)(1) provides that a party may move to depose a witness to preserve the witness's testimony for trial, and that the Court may grant the motion "because of exceptional circumstances and in the interest of justice."  "[T]hree factors guide the exceptional circumstances analysis: whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party." *United States v. Ramos,* 45 F.3d 1519, 1522-23 (11th Cir.1995)(citing *United States v. Drogoul,* 1 F.3d 1546, 1554 (11th Cir.1993).

Due to her present physical disabilities, Ms. Amsberry is unable to travel except on a medical airtransport, on a stretcher, and with a 24-hour nurse.  Such transport and nurse are financially unavailable for Dr. Roggow, and Ms. Amsberry is therefore unavailable to appear in Court.  "A witness is unavailable for trial when she is "unable to be present or to testify at the hearing because of ... then existing physical or mental illness or infirmity." Fed.R.Evid. 804(4). The infirmity of an elderly witness that makes travel a "grave physical hardship" is an exceptional circumstance that justifies the use of deposition testimony at trial, *United States v. Keithan,* 751 F.2d 9, 12 (1st Cir.1984)." *United States v. Bond*, 362 F. App'x 18, 22 (11th Cir. 2010).   Defendant submits that the same reasoning that applies to an elderly witness applies to an ill one for whom travel would be a "grave physical hardship.

As to the second prong, Dr. Roggow treated Ms. Amsberry from February, 2003, through March, 2010, for the medical problems that have developed into Ms. Amsberry current physical situation.  The Government has alleged that Dr. Roggow knowingly prescribed

Oxycodone, Fentanyl, and Hydromorphone to Ms. Amsberry "outside the scope of professional practice."  Indictment, Count Nine.  Ms. Amsberry can testify to Dr. Roggow's medical treatment of her including the establishment of a patient-physician relationship, her on-going evaluation of Ms. Amsberry as a patient, Dr. Roggow's obtaining a medical history, and conducting physical examinations, the development and on-going adjustment of a treatment plan, and the discussion of the risks and benefits of opioid analgesics.  See Fla.Admin.Code, Rule 64B15-14.005(3)(a-f).  These factors support Dr. Roggow's defense of objective good faith as a defense to the charge.  *U.S. v. Tobin*, 676 F.3d 1264 (11th Cir. 2012).

Finally, as to the third factor, so long as the prosecutor is able to attend the deposition, Defendant is unaware of any countervailing factors that render taking the deposition unjust to the nonmoving party. Defendant believes that a one-day delay in the trial will not extend it beyond the anticipated completion date of June 26.

WHEREFORE,  Dr. Roggow requests that this Court grant her motion to depose Ms. Amy Amsberry to perpetuate her testimony for use at trial, and allow a continuance of the trial sufficient to enable counsel to accomplish the deposition.

                                    Respectfully submitted,

                                    _____
                                    LEE HOLLANDER, ESQUIRE
                                    2681 Airport Road, S., Suite C-101
                                    Naples, FL 34112
                                    (239) 530-1800
                                    Fax (239) 530-2472
                                    Fla. Bar. No. 288705

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this Emergency Motion for Video-Deposition to Perpetuate Testimony on all counsel of record this 17th day of June, 2012.

_____
LEE HOLLANDER, ESQUIRE